S94A0079. SIEVERS v. ESPY et al.
(442 SE2d 232)

BENHAM, Presiding Justice.

Appellant Sievers filed a complaint on June 12, 1981, seeking damages for medical malpractice alleged to have occurred in July 1979. Sievers voluntarily dismissed the action on March 6, 1989, and timely filed a renewal action pursuant to OCGA §§ 9-2-61 (a) and 9-

11-41 (a) on August 11, 1989. In 1993, the trial court, relying on the holding in *Wright v. Robinson,* 262 Ga. 844 (426 SE2d 870) (1993), granted appellees' motion to dismiss the renewal action on the ground that it was barred by the five-year statute of repose contained in OCGA § 9-3-71 (b). Appellant has pursued this appeal, contending that the trial court violated the equal protection clauses of the U. S. and Georgia constitutions by applying the statute of repose retroactively to appellant's cause of action.

There is no question of retroactive application of the statute of repose since it, having been enacted in 1985, was in effect at the time the 1989 action was filed. *Hunter v. Johnson,* 259 Ga. 21 (3) (376 SE2d 371) (1989). See also *Wright v. Robinson,* supra. There being no retroactive application of the statute of repose, we do not reach the question whether a retroactive application of the statute would violate equal protection.[1]

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 18, 1994.

*William T. Cox, Jr., Billy E. Moore, Agnew, Schlam & Bennett, Paul R. Bennett,* for appellant.

*Downey, Cleveland, Parker, Williams & Davis, Y. Kevin Williams, W. Curtis Anderson, J. Marcus Howard, Long, Weinberg, Ansley & Wheeler, Joseph W. Watkins, Jacquelyn Van Tuyl, Barnes, Browning, Tanksley & Casurella, Benny C. Priest,* for appellees.

---

[1] We note, however, that, in an uncodified section of the 1985 amendment to OCGA § 9-3-71 (Ga. L. 1985, p. 556, § 3), the General Assembly provided a one-year grace period, ensuring that no cause of action in existence on the effective date of the amendment was immediately barred by the amendment. See *Allrid v. Emory University,* 249 Ga. 35 (1) (b) (285 SE2d 521) (1982).