## A01A0663. MILLER v. VITNER.
(546 SE2d 917)

ELDRIDGE, Judge.

The medical malpractice statute of repose, OCGA § 9-3-71 (b), attaches when an action filed within the statute of limitation is voluntarily dismissed and refiled more than five years after the alleged injury. See *Wright v. Robinson*, 262 Ga. 844, 846 (1) (426 SE2d 870) (1993); see also *Sievers v. Espy*, 264 Ga. 118, 119 (442 SE2d 232) (1994); *Blackwell v. Goodwin*, 236 Ga. App. 861, 863 (2) (513 SE2d 542) (1999); *Burns v. Radiology Assoc. of Gwinnett*, 214 Ga. App. 76, 77 (446 SE2d 788) (1994). In this case, on January 23, 1995, plaintiff voluntarily dismissed her medical malpractice action (an action which arose on March 11 and 15, 1989, respectively, and was filed on March 18, 1991) when the trial court denied a motion to continue the case from the trial calendar; on July 7, 1995, plaintiff refiled the action after paying costs within six months. The trial court granted Dr. Vitner's motion for summary judgment based upon the statute of repose. We affirm.

The statute of repose in medical malpractice cases expires five years from the date of the alleged negligent act unless there exists a timely filed suit. *Zechmann v. Thigpen*, 210 Ga. App. 726, 730 (4) (437 SE2d 475) (1993). The statute of ultimate repose does not bar a cause of action from being brought, which is a defense to the merits that can be waived, but abrogates any cause of action so that no cause of action continues to exist; thus, the cause of action ceases to exist in law after the five years have passed. *Wright v. Robinson*, supra at 845. When a timely filed lawsuit on such cause of action is pending, the statute of repose is prevented from attaching; however, a voluntary dismissal after five years permits the statute of repose to attach so that there is no cause of action to be renewed by a subsequently filed suit within six months. Id. at 846.

Actual fraud in concealing tortious injury by a physician to avoid suit will equitably estop the raising of the statute of repose by such defendant. See *Esener v. Kinsey*, 240 Ga. App. 21, 22-24 (522 SE2d 522) (1999); *Hill v. Fordham*, 186 Ga. App. 354, 357-358 (2) (367 SE2d 128) (1988). In this case, plaintiff asserts that, notwithstanding

the law to the contrary, Vitner is equitably estopped from asserting the statute of repose by the fraud of Midtown Hospital of Atlanta in obtaining its license. Midtown is not a party to this action and under the holdings in both *Vitner v. Miller*, 223 Ga. App. 692-693 (1) (479 SE2d 1) (1996) and *Vitner v. Miller*, 208 Ga. App. 306, 307 (430 SE2d 671) (1993), would be subject to the same statute of limitation defense as Vitner regarding the March 11, 1989 procedure. Further, the record is devoid of any evidence of fraud, and plaintiff fails to point to the record in his brief to support such contention. If Midtown had committed fraud, then such fraud could not be imputed to Vitner to avoid the statute of repose. See *Rossi v. Oxley*, 269 Ga. 82, 83 (2) (495 SE2d 39) (1998).

For equitable estoppel to prevent the assertion of the statute of repose, only intentional fraud of the physician preventing the plaintiff from discovering the injury will give rise to the applicability of such doctrine. See *Esener v. Kinsey*, supra at 23; *Beck v. Dennis*, 215 Ga. App. 728, 729-730 (1) (452 SE2d 205) (1994), overruled in part on other grounds, *Abend v. Klaudt*, 243 Ga. App. 271, 276 (2) (531 SE2d 722) (2000); *Bynum v. Gregory*, 215 Ga. App. 431, 434 (2) (450 SE2d 840) (1994); *Lasoya v. Sunay*, 193 Ga. App. 814, 815-816 (1) (389 SE2d 339) (1989); *Hill v. Fordham*, supra at 358. Thus, there are no facts in this case raising an issue of fraud by Vitner to give rise to equitable estoppel to raise the defense of the statute of repose.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED MARCH 15, 2001 —
RECONSIDERATION DENIED APRIL 3, 2001

*Donald W. Johnson*, for appellant.

*Hall, Booth, Smith & Slover, Rush S. Smith, Jr., James E. Looper, Jr.*, for appellee.