A05A0110. COCHRAN et al. v. BOWERS et al.
(617 SE2d 563)

BARNES, Judge.

Thomas A. Cochran, M.D., and Columbus Plastic & Cosmetic Surgery Clinic, P.C., appeal the trial court's denial of their motion to dismiss a medical malpractice complaint filed by Deborah Lee Bowers, individually and in her capacity as executrix of the Estate of

Michael A. Bowers. Because the trial court did not err in denying Cochran's motion to dismiss, we affirm the trial court.

The question in this case is whether former OCGA § 9-11-9.1 (b)'s[1] provision allowing an additional 45 days to file an expert affidavit under certain circumstances applies to complaints filed just before the statute of repose runs as well as to complaints filed just before the statute of limitation has run. The parties agree that defendant Cochran, a plastic surgeon, examined Michael Bowers on February 4, 1999, and removed a mole from his neck. The plaintiff contends that Cochran sent the specimen to a laboratory for a pathology report, which indicated on February 8, 1999, that the lesion was malignant melanoma in situ with unclear margins. Although Cochran subsequently initialed the lab report, he never told Bowers that the mole was malignant melanoma, even when he saw Bowers again in February 2000 for another skin condition. Bowers subsequently received no follow-up care for the malignancy. The plaintiff further contends that, after experiencing sudden seizures in July 2003, Bowers discovered that the cancer had metastasized throughout his body. He died a few weeks later.

On February 5, 2004, Mrs. Bowers filed her medical malpractice complaint against Cochran. She asserted that

> the statute of limitations will expire within ten days of the date of filing of this Complaint and that because of such time constraints, an affidavit of an expert could not be prepared. Plaintiff, therefore, invokes the protection of OCGA § 9-11-9.1 (b) in order that she may have an additional 45 days after the filing of this Complaint to supplement these pleadings with the affidavit.

On March 1, 2004, Mrs. Bowers amended her complaint to include her expert's affidavit. The expert concluded that, in his opinion, "Dr. Cochran deviated from the standard of care by failing to notify Mr. Bowers of the report of malignancy and by failing to have him come in for further excision to assure that the margins of the malignant melanoma-in-situ were clear." The expert also asserted that, because of this deviation, "Bowers died from the metastasis of inadequately treated malignant melanoma-in-situ" instead of being cured.

Cochran answered and denied liability. In his first defense, he noted that Bowers' complaint was filed without the affidavit required by OCGA § 9-11-9.1 and was therefore subject to dismissal. As to

---

[1] Ga. L. 2005, p. 1, § 3, effective February 16, 2005, deleted former subsection (b).

Bowers' invocation of the protection of OCGA § 9-11-9.1 (b), Cochran submitted that, given Bowers' death subsequent to July 2003, the statute of limitation as to both the wrongful death and estate claims "could run no sooner than July of 2005 and therefore it is patently incorrect that the statute of limitations will expire within ten days of the filing of the Complaint. Plaintiff could not possibly have any good faith belief that it would, and the Plaintiff is therefore not entitled" to an additional 45 days to file a supporting affidavit, he concluded. Cochran repeated this argument in his motion to dismiss, adding that the statute of limitation for Bowers' wrongful death would expire two years from July 2003, and the estate's claim was two years from the date the executrix was appointed. The only period set to expire, Cochran noted, "was the statute of repose applicable to Plaintiff's claims, which was five (5) years from the date the wrongful diagnosis or tortuous [sic] claims occurred." Because OCGA § 9-11-9.1 (b) applies only to the statute of limitation and not to the statute of repose, and no case law has held otherwise, Cochran argued, the trial court should dismiss the claim.

After Mrs. Bowers responded and the trial court held a hearing, the court denied the motion, holding:

> The purpose of the Statute of Repose in medical malpractice cases is to reduce the uncertainties and costs related to malpractice litigation long after the medical services have been rendered. [Cit.] In this case, a suit was filed and the Defendants put on notice of the claim within five years of the rendering of the service. The purpose of the statutory requirement that an affidavit accompany a malpractice claim is to reduce the number of frivolous malpractice suits being filed. [Cit.] In this case the Plaintiff produced an affidavit within 45 days of the filing of the suit. The Defendants' Motion to Dismiss is denied.

1. OCGA § 9-11-9.1 (a) directs that, in any action for damages alleging professional malpractice, the plaintiff must file with the complaint an expert affidavit setting forth the factual basis for at least one negligent act or omission. Subsection (b) provides that

> [t]he contemporaneous filing requirement of subsection (a) of this Code section shall not apply to any case in which *the period of limitation* will expire or there is a good faith basis to believe it will expire on any claim stated in the complaint within ten days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of an expert could not be prepared. In such cases, the plaintiff

shall have 45 days after the filing of the complaint to supplement the pleadings with the affidavit.

(Emphasis supplied.)

Cochran argues on appeal that the "period of limitation" in subsection (b) refers only to the statute of limitation. Bowers argues that it includes both the statute of limitation and the statute of repose. We have found no cases that directly address the point, and the statute itself is not explicit. We must therefore construe the statute and consider its legislative intent to determine whether it allows additional affidavit filing time for a plaintiff who believes that the statute of repose is about to expire.

> A statute is to be construed in accordance with its real intent and meaning and not so strictly as to defeat the legislative purpose, and should be read according to the natural and most obvious import of the language without resorting to subtle and forced constructions for the purpose of either limiting or extending its operation. However, when reasonably possible, the court should interpret a statute to give meaning to all parts of the statute and not to make any portion surplusage, unless no other construction is possible.

*Glisson v. Hosp. Auth. of Valdosta &c.*, 224 Ga. App. 649, 653 (1) (481 SE2d 612) (1997). OCGA § 1-3-1 (a) directs us to "look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy."

Moreover, statutory construction must square with common sense and sound reasoning, and courts may decline to construe an act so that it will defeat its purpose or attribute an unreasonable intent to the General Assembly. *Tuten v. City of Brunswick*, 262 Ga. 399, 403 (418 SE2d 367) (1992).

In enacting OCGA § 9-11-9.1, the legislature intended "to reduce the number of frivolous malpractice suits being filed" by requiring a plaintiff to include in his complaint the affidavit of an expert testifying to at least one act of professional negligence in contravention of the professional standard of care. *0-1 Doctors &c. Co. v. Moore*, 190 Ga. App. 286, 288 (1) (378 SE2d 708) (1989). Thus, the "evil" was an excessive number of frivolous malpractice suits, and the "remedy" was the inclusion of an affidavit that established a prima facie case of professional negligence.

In considering whether the legislature intended in OCGA § 9-11-9.1 to allow plaintiffs an additional 45 days to file an expert affidavit if they believed the statute of repose would soon expire, we note that it used the phrase "period of limitation," not "statute of

limitation." Further, the chapter, article, and statute titles setting out the specific limitations confirm the legislature's intention to use "limitations" to cover both deadlines. OCGA § 9-3-71 includes both the statutes of limitation and of repose, and is set in Title 9 (Civil Practice), Chapter 3 (Limitations of Actions), Article 4 (Limitations for Malpractice Actions), and the statute is further captioned "General Limitations." In OCGA § 9-3-71 (a) and (b), the legislature delineated two periods of limitations for medical malpractice actions, allowing two years "after the date on which an injury or death arising from a negligent or wrongful act or omission occurred," but not "more than five years after the date on which the negligent or wrongful act or omission occurred." OCGA § 9-3-72 provides that *"[t]he limitations* of Code Section 9-3-71 shall not apply where a foreign object has been left in a patient's body" (emphasis supplied), but that an action must be brought within one year of discovering the foreign object. In considering whether "the limitations" of OCGA § 9-3-72 include both the statute of limitation and the statute of repose, this court held that "the language of OCGA § 9-3-72 stating that 'the limitations' of OCGA § 9-3-71 shall not apply refers to two periods of time in OCGA § 9-3-71 which generally limit when an action can be brought — the two-year statute of limitation and the five-year statute of repose." *Abend v. Klaudt*, 243 Ga. App. 271, 274 (2) (531 SE2d 722) (2000). In that case, we concluded that the plaintiff's complaint, filed more than five years after a foreign body was left inside her but less than one year after she discovered its existence, was timely filed, because OCGA § 9-3-72 provides that neither the statute of limitation nor the statute of repose applied.

Applying the analysis in *Abend* to the case before us, we conclude that the phrase "period of limitation" in OCGA § 9-11-9.1 (b) applies to both the statute of repose and the statute of limitation. In her complaint filed February 5, 2004, Bowers alleged that Cochran committed malpractice shortly after the lab issued its pathology report on February 8, 1999, a little more than five years earlier. The trial court thus did not err in denying Cochran's motion to dismiss the complaint because an expert affidavit was not filed contemporaneously.

We reject Cochran's argument that the General Assembly only intended OCGA § 9-11-9.1 (b) to apply to OCGA § 9-3-71 (a), the statute of limitation, and not to OCGA § 9-3-71 (b), the statute of repose. Cochran has offered no acceptable reason why the General Assembly could have intended such a result, and we can conceive of none.

We further reject Cochran's argument that interpreting OCGA § 9-11-9.1 (b) to apply to both the statute of limitation established in OCGA § 9-3-71 (a) and the statute of repose established in OCGA

§ 9-3-71 (b) would somehow extend the five-year period of repose. To be entitled to the additional 45 days in which to supplement her pleadings with the expert's affidavit, Bowers was required to commence her action by filing her complaint[2] before the running of both the statute of limitation and the statute of repose, and to serve Cochran timely. If she had not done so, her complaint would have been time-barred regardless of the presence or absence of the expert's affidavit. Therefore, nothing in our opinion today can be construed reasonably to extend or expand the statute of repose.

As this court observed more than nine years ago, despite its laudable stated purpose of reducing frivolous litigation,

> the history of OCGA § 9-11-9.1 in the appellate courts has shown beyond a reasonable doubt that it is only with great difficulty made workable in the practical arena of litigation, and has largely failed to achieve its purpose of reducing frivolous litigation. Rather, it has created an added layer of motions regarding the sufficiency of affidavits preceding the motions for summary judgment on the merits. Rather than continuing to interpret and reconcile subsection after subsection added to the statute by the legislature in attempts to fix what is fundamentally broken, the better approach is to construe pleadings liberally to do substantial justice in accordance with OCGA § 9-11-8 (f).

*Sisk v. Patel*, 217 Ga. App. 156, 159-160 (456 SE2d 718) (1995). Because "§ 9-11-9.1 establishes an exception to the general liberality of pleading permitted under the Civil Practice Act, it should be construed in a manner consistent with the liberality of the Civil Practice Act where such construction does not detract from the purpose of § 9-11-9.1 to reduce the number of frivolous malpractice suits being filed." (Citation and punctuation omitted.) *Gadd v. Wilson & Co.*, 262 Ga. 234, 235 (416 SE2d 285) (1992).

The facts in *Landau v. Davis Law Group, P.C.*, 269 Ga. App. 904 (605 SE2d 461) (2004), differ from the facts before us. In *Landau*, we held that "the phrase 'period of limitation' refers only to the *statute of limitation* that applies to a particular action," id. at 906, and concluded that a defendant in a suit for attorney fees was not entitled to a 45-day extension to file an affidavit because of the 30-day limitation for filing a compulsory counterclaim for legal malpractice. Neither the cases cited for the proposition that the "period of limitation" means only the statute of limitation nor *Landau v. Davis Law Group*

---

[2] "A civil action is commenced by filing a complaint with the court." OCGA § 9-11-3 (a).

analyzed whether the term may also include the five-year statute of repose in medical malpractice actions, and therefore do not answer the question before us in this case. "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents. [Cits.]" (Punctuation omitted.) *Gordy Tire v. Dayton Rubber Co.*, 216 Ga. 83, 89 (114 SE2d 529) (1960).

2. Cochran further argues that Bowers could not have had a good faith belief that the period of limitation was about to run because the two-year statute of limitation would not end until after July 2005. To the contrary, if Mrs. Bowers had filed this malpractice action after February 2004, she ran the risk of Cochran arguing that the statute of limitation began running when he initially misdiagnosed Mr. Bowers, and thus the complaint was filed after the statute of limitation ran. See *Sidlow v. Lewis*, 271 Ga. App. 112 (608 SE2d 703) (2004). We have held previously that we will not require plaintiffs in malpractice actions to prove that they were actually unable to obtain an affidavit in time to file it with the complaint, because

> [p]ermitting such "limited discovery" would inevitably trigger an additional layer of needless motion practice by encouraging motions to compel and for protective orders. The ensuing morass would result in unnecessary litigation and thereby contravene the legislative purpose of OCGA § 9-11-9.1 of curtailing frivolous and unwarranted litigation. [Cit.]

*Ga. Dermatology Clinic v. Nesmith*, 254 Ga. App. 121, 125 (561 SE2d 459) (2002). We similarly will not delve into the factual basis for the statement that a plaintiff believes that the period of limitation was about to end.

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED FEBRUARY 1, 2005 —
RECONSIDERATION DENIED JULY 15, 2005.

*Owen, Gleaton, Egan, Jones & Sweeney, H. Andrew Owen, Jr., Toni Castel, Hatcher, Stubbs, Land & Hollis, Robert C. Martin, Jr.,* for appellants.

*Webb, Lindsey & Wade, James H. Webb, Jr., Jonathan J. Wade,* for appellees.