A07A0035. WESLEY CHAPEL FOOT AND ANKLE CENTER, LLC et al. v. JOHNSON et al.

(650 SE2d 387)

ELLINGTON, Judge.

After Willie Johnson died, his widow, Catherine Johnson, filed an amendment to their pending medical malpractice action to add a claim for wrongful death. The defendants below, Dr. Eileen Byrd, Dr. Frazier Todd, and Wesley Chapel Foot and Ankle Center, LLC (hereinafter collectively, "Dr. Byrd"), filed a motion for summary judgment, arguing that the medical malpractice statute of repose barred the wrongful death claim because Mrs. Johnson filed the claim more than five years after Dr. Byrd's allegedly negligent medical treatment. The trial court denied Dr. Byrd's motion on this basis.[1] Having granted Dr. Byrd's application for an interlocutory appeal from the denial of summary judgment on this basis, we affirm the trial court's ruling for the reasons that follow.

In order to prevail on a motion for summary judgment under OCGA § 9-11-56,

---

[1] The trial court granted the motion in part on another issue, concluding that there was no evidence of any doctor-patient relationship between Dr. Todd and Mr. Johnson and, therefore, Dr. Todd could not be held liable for any medical malpractice. Because Mrs. Johnson does not appeal that ruling, the trial court's summary judgment order stands affirmed in this respect.

the moving party must show that there exists no genuine issue of material fact, and that the undisputed facts, viewed in the light most favorable to the nonmoving party, demand judgment as a matter of law. Moreover, on appeal from the denial or grant of summary judgment the appellate court is to conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Citations omitted.) *Benton v. Benton*, 280 Ga. 468, 470 (629 SE2d 204) (2006).

Viewed in the light most favorable to Mrs. Johnson, the record reveals the following undisputed facts. Dr. Byrd, a podiatrist, treated Mr. Johnson for pain in his heel on February 25, 1999. Dr. Byrd placed a soft cast on Mr. Johnson's foot and prescribed pain medication but did not prescribe anti-inflammatory medication. Less than three weeks later, lack of blood circulation in Mr. Johnson's foot and leg necessitated the amputation of his leg. Within two years after Dr. Byrd treated Mr. Johnson, Mr. and Mrs. Johnson filed a medical malpractice action, State Court of Fulton County Civil Action No. 01VS015152, asserting claims for personal injury and for loss of consortium, respectively. The Johnsons alleged that Dr. Byrd's treatment fell below the standard of care, given Mr. Johnson's history of diabetes, peripheral vascular disease, and other vascular problems, and that the negligent medical care proximately caused the amputation.

Mr. Johnson died on October 18, 2002. By consent order, the trial court substituted Mrs. Johnson, who was the administratrix of Mr. Johnson's estate, as the plaintiff for Mr. Johnson's pending personal injury claim. On October 15, 2004, Mrs. Johnson filed an amended complaint in the pending action, asserting a new claim for wrongful death.

Dr. Byrd contends that, because Mrs. Johnson brought her wrongful death claim by filing her amended complaint more than five years after Dr. Byrd's alleged negligence, the wrongful death claim is barred by the medical malpractice statute of repose. Dr. Byrd contends the wrongful death claim is barred by the statute of repose, even though Mrs. Johnson filed the wrongful death claim as an amendment to a pending action that timely asserted against the same defendants other claims arising out of the same alleged medical malpractice and within the statutory limitation period for the wrongful death claim. We disagree.

The medical malpractice statute of repose provides:

> Notwithstanding subsection (a) of this Code section[, which creates a two-year statute of limitation for medical malpractice claims], in no event may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred.

OCGA § 9-3-71 (b). See OCGA § 9-3-71 (c) (OCGA § 9-3-71 (b) "is intended to create a five-year statute of ultimate repose and abrogation."). OCGA § 9-3-70 defines an "action for medical malpractice" as "any claim for damages resulting from the death of or injury to any person arising out of" certain conduct including "[h]ealth, medical, dental, or surgical service, diagnosis, prescription, treatment, or care."[2] Generally speaking, a civil "action" is "brought" when a plaintiff files a complaint praying for a judgment against a defendant, thus initiating legal proceedings. OCGA § 9-11-3 (a) ("A civil action is commenced by filing a complaint with the court."); Cochran v. Bowers, 274 Ga. App. 449, 454 (1), n. 2 (617 SE2d 563) (2005) (a medical malpractice action is commenced by the filing of the complaint).[3] The medical malpractice statute of repose, therefore, bars a plaintiff from initiating legal proceedings for damages arising out of any act of medical malpractice more than five years after the date on which the allegedly negligent diagnosis or care occurred. OCGA § 9-3-71 (b).

In this case, Mrs. Johnson alleged that Mr. Johnson's death arose out of Dr. Byrd's negligent medical diagnosis and care. Consequently, her wrongful death claim met the definition of "an action for medical malpractice" subject to the statute of repose. See OCGA § 9-3-70; Braden v. Bell, 222 Ga. App. 144, 147 (3) (473 SE2d 523) (1996) (wrongful death claim was subject to medical malpractice statute of repose). It follows that if Mrs. Johnson's wrongful death claim, filed on October 15, 2004, had been the initiation of legal proceedings asserting a claim for damages arising out of Dr. Byrd's diagnosis and care of Mr. Johnson, the statute of repose would have barred the claim as not having been "brought" within five years after the allegedly

---

[2] See also Ray v. Scottish Rite Children's Med. Center, 251 Ga. App. 798, 800 (555 SE2d 166) (2001) (any action which calls into question a doctor's professional skills and which requires proof that substandard medical care caused the plaintiff's injuries constitutes an action for medical malpractice, even where the action also raises different factual issues, such as a hospital's conduct as an employer in a "negligent retention" case).

[3] See also Black's Law Dictionary (7th ed. 1999) (defining "action" as "a civil or criminal judicial proceeding" and as "any judicial proceeding, which, if conducted to a determination, will result in a judgment or decree"); Richard C. Ruskell, Davis and Shulman's Ga. Prac. and Proc. (2007 ed.), § 30:18 ("[T]he running of the statute [of limitation] stops when an initial action is taken for the enforcement of the right. This is the terminus of the course of the statute, and if the cause of action is not then barred, no matter how long the litigation for the enforcement of the right may continue, the cause of action shall not thereafter be barred.").

negligent act. See *Braden v. Bell*, 222 Ga. App. at 147 (3) (wrongful death claim filed less then two years after patient's death but more than five years after failure to diagnose was barred by the medical malpractice statute of repose).[4]

But Mrs. Johnson's wrongful death claim did *not* initiate legal proceedings against Dr. Byrd for his diagnosis and care of Mr. Johnson; rather, Mrs. Johnson filed her wrongful death claim as an amendment to Civil Action No. 01VS015152, a pending action that timely asserted other claims arising out of the same alleged medical malpractice. It is undisputed that Mr. and Mrs. Johnson jointly brought this action for medical malpractice and initiated legal proceedings against Dr. Byrd seeking damages for their resulting injuries within five years of Dr. Byrd's alleged negligence. As a result, Mr. and Mrs. Johnson satisfied one requirement of OCGA § 9-3-71, and this medical malpractice action is not barred by the statute of repose.[5] *Canas v. Al-Jabi*, 282 Ga. App. 764, 777-778 (1) (a) (639 SE2d 494) (2006).

Another requirement imposed by OCGA § 9-3-71 is the statute of limitation: "an action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred." OCGA § 9-3-71 (a). See also OCGA § 9-3-71 (c) (OCGA § 9-3-71 (a) "is intended to create

---

[4] We note that separate legal proceedings stand on their own with respect to the statute of repose. See *Wright v. Robinson*, 262 Ga. 844, 846 (1) (426 SE2d 870) (1993) (where a plaintiff filed a timely medical malpractice action, dismissed it, and then, more than five years after the alleged malpractice, filed a second action as a renewal action, the renewal action did not relate back to the filing of the original complaint but was barred by the medical malpractice statute of repose); *Burns v. Radiology Assoc.*, 214 Ga. App. 76 (446 SE2d 788) (1994) (accord); *Miller v. Vitner*, 249 Ga. App. 17 (546 SE2d 917) (2001) (accord); *Ray v. Scottish Rite Children's Med. Center*, 251 Ga. App. at 800 (where a plaintiff filed a timely malpractice action against a hospital, dismissed it, and then, more than five years after the alleged malpractice, filed a negligent retention action against the hospital, the negligent retention action did not relate back to the filing of the original complaint but was barred by the medical malpractice statute of repose); *Krasaeath v. Parker*, 212 Ga. App. 525, 526 (441 SE2d 868) (1994) (where a plaintiff filed a timely malpractice action, settled it, and then, more than five years after the alleged malpractice, filed a second action asserting a claim for contribution from a doctor alleged to be a joint tortfeasor with the doctor sued in the first action, the contribution action did not relate back to the filing of the original complaint but was barred by the medical malpractice statute of repose). See also Charles R. Adams III, Ga. Law of Torts, § 18-4 (2007 ed.); Robert E. Cleary, Jr., Eldridge's Ga. Wrongful Death Actions, § 4-18 (3d ed.).

[5] We agree with the dissent's position that the relation back provisions of OCGA § 9-11-15 (c) do not "save the cause of action asserted in the amended complaint from the expiration of the statute of repose." In affirming the trial court's ruling in this case, we do not hold that Mrs. Johnson's wrongful death claim relates back to the filing of the original complaint. As we have explained, when Mrs. Johnson filed her amended complaint, she did not bring an action, i.e., initiate a new or separate lawsuit. Her wrongful death claim is "saved" (i.e., not barred by the statute of repose) because she and Mr. Johnson brought a timely medical malpractice action and because Mrs. Johnson's wrongful death claim was properly added to that same pending litigation.

a two-year statute of limitations."); *Legum v. Crouch,* 208 Ga. App. 185, 187 (2) (430 SE2d 360) (1993) ("Pursuant to the provisions of OCGA § 9-3-71, the two-year statute of limitation for wrongful death cases emanating from medical malpractice . . . begins to run from the date of death, not from the negligent act or omission of the practitioner.") (citations omitted). It is undisputed that Mrs. Johnson filed her wrongful death claim within two years after the date on which Mr. Johnson died. As a result, Mrs. Johnson satisfied this requirement of OCGA § 9-3-71, and her wrongful death claim is not barred by the statute of limitation.

Finally, because the trial court had not entered a pretrial order, Mrs. Johnson was entitled to amend the complaint "as a matter of course and without leave of court." OCGA § 9-11-15 (a).

In summary, Mrs. Johnson brought her wrongful death claim within two years after the date on which Mr. Johnson died, by filing an amendment to a medical malpractice action that timely asserted other claims arising out of the same alleged medical malpractice, where such action had been pending since before the expiration of five years after the date on which the negligent or wrongful act or omission occurred and when Mrs. Johnson was entitled to amend her pleading as a matter of course and without leave of court. Under these circumstances, Mrs. Johnson's wrongful death claim is timely both in terms of the statute of repose and the statute of limitation. As a result, the trial court correctly denied Dr. Byrd's motion for summary judgment on this basis. Cf. *Braden v. Bell,* 222 Ga. App. at 147 (3).

We conclude that this result is consistent with the stated purpose of the medical malpractice statute of repose. As set forth in OCGA § 9-3-73 (f), the General Assembly intended the medical malpractice statutes of repose and limitation to serve "the rational, legitimate state objectives of providing quality health care, assuring the availability of physicians, preventing the curtailment of medical services, stabilizing insurance and medical costs, preventing stale medical malpractice claims, and providing for the public safety, health, and welfare as a whole." As one of our brethren observed, "[o]ne of the policy considerations for making a right of action finite is the practical recognition that time erodes evidence, memories, and the availability of witnesses." (Citations omitted.) *Braden v. Bell,* 222 Ga. App. at 148 (Beasley, C. J., concurring specially). Dr. Byrd began defending against Mr. and Mrs. Johnson's allegations that she committed medical malpractice less than two years after the allegedly negligent medical diagnosis and care. Presumably she has been motivated since the filing of Civil Action No. 01VS015152 to prevent time from eroding evidence, memories, and the availability of any witnesses necessary to her defense. Dr. Byrd's argument that she is prejudiced by the trial court's order because she will have to "start at the

beginning of the suit" lacks merit. All of the discovery conducted thus far relative to Mr. Johnson's personal injury claim and Mrs. Johnson's loss of consortium claim — about Dr. Byrd's conduct, the standard of care, and Mr. and Mrs. Johnson's damages up to the point of Mr. Johnson's death — and all of Dr. Byrd's "defensive measures" still apply. Because Mrs. Johnson's wrongful death claim is based on the identical acts and omissions of Dr. Byrd, the dominant impact of the new wrongful death claim is that the litigants will have to conduct additional discovery about whether Dr. Byrd's diagnosis and care was the proximate cause of Mr. Johnson's death and about the wrongful death measure of damages.[6]

*Judgment affirmed. Johnson, P. J., Blackburn, P. J., and Adams, J., concur. Andrews, P. J., and Phipps and Mikell, JJ., dissent.*

ANDREWS, Presiding Judge, dissenting.

Willie Frank Johnson died while his cause of action for personal injury arising from medical malpractice was pending against Wesley Chapel Foot and Ankle Center, LLC, Dr. Eileen Byrd, and Dr. Frazier Todd (the medical defendants). After Mr. Johnson's widow and estate representative, Catherine Johnson, was substituted as plaintiff on the medical malpractice personal injury action, she amended the complaint to add a cause of action asserting that Mr. Johnson's wrongful death arose from the same medical malpractice. At issue is whether the medical defendants were entitled to summary judgment on the basis of their claim that the five-year statute of repose in OCGA § 9-3-71 (b) applicable to medical malpractice actions barred the cause of action asserting that the wrongful death arose from the medical malpractice. Because the claim that Mr. Johnson's death arose from the medical malpractice asserted a new and distinct cause of action for medical malpractice, and the new cause of action was added by amendment to the complaint more than five years after the alleged medical malpractice occurred, it was barred by expiration of the statute of repose. Accordingly, the trial court erred by denying summary judgment to the medical defendants.

Pursuant to OCGA § 9-3-70,

> the term "action for medical malpractice" means any claim for damages resulting from the death of or injury to any

---

[6] The damages recoverable in a wrongful death action include the decedent's expected earnings, or the value of the decedent's services, from the date of the decedent's tortiously-caused premature death to the statistically-projected date of the decedent's natural death, plus an intangible element representing the full value of the life of the decedent. OCGA §§ 19-7-1; 51-4-1; 51-4-2; 51-4-4; *Brock v. Wedincamp*, 253 Ga. App. 275, 279-281 (558 SE2d 836) (2002). See also Robert E. Cleary, Jr., Eldridge's Ga. Wrongful Death Actions, §§ 6-1, 6-3, 6-4, 6-7, 6-7.1.

person arising out of: (1) Health, medical, dental, or surgical service, diagnosis, prescription, treatment, or care rendered by a person authorized by law to perform such service or by any person acting under the supervision and control of the lawfully authorized person; or (2) Care or service rendered by any public or private hospital, nursing home, clinic, hospital authority, facility, or institution, or by any officer, agent, or employee thereof acting within the scope of his employment.

Under this section, Mrs. Johnson's claim that the medical defendants' negligent medical acts or omissions caused Mr. Johnson's wrongful death was an action for medical malpractice. Causes of action seeking damages for personal injury and for wrongful death arising out of medical malpractice are separate and distinct medical malpractice causes of action, even though they arise out of the same alleged medical malpractice and are asserted in the same complaint. *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 867 (463 SE2d 5) (1995); *Smith v. Mem. Med. Center*, 208 Ga. App. 26, 27-28 (430 SE2d 57) (1993).

Mrs. Johnson asserted that Mr. Johnson's wrongful death arose from medical malpractice acts or omissions that occurred on February 25, 1999. This gave rise to a medical malpractice cause of action based on wrongful death which accrued when Mr. Johnson died on October 18, 2002. *Williams v. Dept. of Human Resources*, 272 Ga. 624, 626 (532 SE2d 401) (2000). Subsection (b) of OCGA § 9-3-71 sets forth a statute of ultimate repose which provides that "in no event may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred." *Wright v. Robinson*, 262 Ga. 844-845 (426 SE2d 870) (1993); OCGA § 9-3-71 (c). Accordingly, the statute of repose expired on this cause of action on February 25, 2004, over 16 months after the cause of action accrued. Because the trial court had not entered a pretrial order in the pending medical malpractice action, Mrs. Johnson could have amended the complaint pursuant to OCGA § 9-11-15 (a) "without leave of court at any time" prior to expiration of the statute of repose to add a new medical malpractice cause of action based on the wrongful death claim. *Deering v. Keever*, 282 Ga. 161 (646 SE2d 262) (2007); *Cochran v. White*, 269 Ga. App. 182, 184 (603 SE2d 509) (2004). She failed to do so, however, and did not amend the complaint to assert the new medical malpractice cause of action based on wrongful death until October 15, 2004, over seven months after the five-year statute of repose in OCGA § 9-3-71 (b) expired.

As opposed to a statute of limitation, which is a procedural rule barring an already accrued action not brought within a period of time,

a statute of repose abolishes a cause of action after the passage of time, whether or not the claim has accrued. *Wright*, 262 Ga. at 845; *Craven v. Lowndes County Hosp. Auth.*, 263 Ga. 657, 659 (437 SE2d 308) (1993).

> A statute of repose stands as an unyielding barrier to a plaintiff's right of action. The statute of repose is absolute; the bar of the statute of limitation is contingent. The statute of repose destroys the previously existing rights so that, on the expiration of the statutory period, the cause of action no longer exists.

(Citations and punctuation omitted.) *Simmons v. Sonyika*, 279 Ga. 378, 379 (614 SE2d 27) (2005). When the five-year statute of repose expired on February 25, 2004, the cause of action asserting that Mr. Johnson's wrongful death arose out of the medical malpractice was destroyed and no longer existed. Id.; *Braden v. Bell*, 222 Ga. App. 144 (473 SE2d 523) (1996). It follows that Mrs. Johnson could not amend the pending complaint on October 15, 2004, to assert a nonexistent cause of action.

Moreover, there is no basis for the trial court's conclusion that the relation back provisions of OCGA § 9-11-15 (c) save the cause of action asserted in the amended complaint from the expiration of the statute of repose. Under OCGA § 9-11-15 (c),

> [w]henever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

Even if the wrongful death claim arose out of the same medical malpractice conduct asserted in the pending claim for personal injury, the above provisions of OCGA § 9-11-15 (c) are "liberally construed to effect its purpose of ameliorating the impact of [an expired] statute of limitation." *Morris v. Chewning*, 201 Ga. App. 658, 659 (411 SE2d 891) (1991). Where the initial complaint gives a defendant fair notice of the conduct, transaction, or occurrence called into question by the amended complaint, the relation back provisions of OCGA § 9-11-15 (c) recognize that allowing the amendment does not deprive the defendant of the protection from stale claims provided by the statute of limitation. Id. at 659-660; *Gordon v. Gillespie*, 135 Ga. App. 369, 375 (217 SE2d 628) (1975). But when the legislature enacted the five-year medical malpractice statute of repose in OCGA § 9-3-71 (b), it considered interests in addition to elimination of stale

claims by the two-year statute of limitation in OCGA § 9-3-71 (a). These interests were identified in *Craven*, 263 Ga. at 658, where the court found that:

> Because of the nature of the practice of medicine, uncertainty over the causes of illness and injury [makes] it difficult for insurers to adequately assess premiums based on known risks. Furthermore, the passage of time makes it more difficult to determine the cause of injury, particularly in diseases where medical science cannot pinpoint the exact cause.

In light of these interests, the court found that imposition of a medical malpractice statute of repose in OCGA § 9-3-71 (b) abolishing causes of action five years after the occurrence of the alleged malpractice was a rational and constitutional exercise of legislative power. Id. at 659-660. Although the relation back provisions of OCGA § 9-11-15 (c) can be used to ameliorate a statute of limitation's procedural bar to an existing action, these provisions cannot be used to resurrect a cause of action abolished by a statute of repose. *Wright*, 262 Ga. at 845, n. 1. I respectfully dissent.

I am authorized to state that Judge Phipps and Judge Mikell join in this dissent.

DECIDED JULY 16, 2007 —<br>
RECONSIDERATION DENIED JULY 31, 2007 — ▮▮▮▮▮▮▮▮▮▮

*Hall, Booth, Smith & Slover, James E. Looper, Jr., Elizabeth N. Neff, Jason D. Hergenroether, W. Scott Henwood*, for appellants.
*James W. Howard*, for appellees.