### A09A0489. BUSH et al. v. SREERAM et al.
(679 SE2d 87)

DOYLE, Judge.

On January 9, 2007, Wilson W. Bush, Jr., individually as surviving spouse of Virginia C. Bush, along with Mary Naomi Bracewell as joint administrators of Virginia's estate (collectively "Bush") filed the instant wrongful death action against Dr. Kamagamathori M. Sreeram; Dr. Raghava A. Bhaskaran; Dr. Graham Erceg; Kam M. Sreeram, M.D., P.C.; Southern Radiology Services, P.C.; Macon Cardio-Vascular Institute, LLC; and Central Georgia Anesthesia Services, P.C. ("CGAS") (collectively "the defendants").[1] The complaint alleged that the defendants' negligent treatment of Virginia between May 2000 and September 26, 2001, ultimately led to her death on January 11, 2005. After answering the complaint, the defendants moved to dismiss, arguing that the complaint was filed beyond the five-year statute of repose for medical malpractice claims. The trial court granted the motions, and Bush appealed. Finding no error in the trial court's decision, we affirm.

"On appeal, we conduct a de novo review of a trial court's ruling on a motion to dismiss."[2] Viewing the allegations in the complaint in the light most favorable to the plaintiff,[3] by June 5, 2001, Dr. Bhaskaran had performed evaluations of Virginia that showed she had severe vascular disease, but he failed to communicate his findings to Dr. Sreeram and did not refer Virginia to a cardiologist. On July 26, 2000, Dr. Sreeram ordered a computed axial tomography scan ("CT scan") of Virginia's chest, which indicated she had coronary artery calcifications, and on September 10, 2001, he obtained a chest x-ray that revealed a mass in her upper right lung. Dr. Bhaskaran performed a chest CT scan on Virginia on September 14, 2001, which revealed that she had two masses in her heart as well as chronic aortic dissection.

On September 26, 2001, in order to investigate the findings in the chest x-ray, Dr. Sreeram performed a bronchoscopy on the mass he had detected in Virginia's lung. Prior to the procedure, Dr. Erceg, the anesthesiologist, noted a problem while monitoring Virginia's

---

[1] Dr. Graham Erceg and CGAS were dismissed from the case by order filed on April 9, 2007, and are not parties to this appeal.

[2] *Sanders v. Trinity Universal Ins. Co.*, 285 Ga. App. 705, 706 (647 SE2d 388) (2007).

[3] See id.

heart, but he proceeded to administer the anesthetic. In the recovery room after the procedure, Virginia developed symptoms of a heart attack, and as a result, she underwent emergency bypass surgery that same day. After the surgery, Virginia developed several complications, requiring additional surgical procedures. On January 11, 2005, Virginia died as a result of the September 26, 2001 heart attack and resulting complications.

On appeal, Bush argues that the trial court erred by granting the defendants' motions to dismiss based on the five-year statute of repose.

> Notwithstanding subsection (a) of [OCGA § 9-3-71], which creates a two-year statute of limitation for medical malpractice claims, in no event may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred.[4]

Based on the facts alleged in the complaint, the last act of negligence by the defendants in treating Virginia occurred on September 26, 2001, and the statute of repose therefore barred any claims based on the allegedly negligent conduct that were not filed by September 26, 2006.[5]

1. Nevertheless, Bush argues that the trial court erred by granting the motion to dismiss because the five-year statute of repose contained in OCGA § 9-3-71 (b) results in a due process violation. Bush maintains that the statute prevents medical malpractice plaintiffs whose claims arise after five years from asserting a claim for their injuries, and the statute does not have "a substantial relation" to the object sought to be obtained; instead, it arbitrarily and unreasonably sets a five-year limit on filing a claim. This issue was reviewed by the Supreme Court of Georgia in *Craven v. Lowndes County Hosp. Auth.*,[6] in which the Court held that the five-year statute of repose survived rational basis review and was therefore constitutional. The Court "rejected the contention that the legislature may not impose a time-triggered abrogation of a cause of action . . . , [and] found that the passage of time provided a rational basis for enacting the five-year period. . . ."[7]

2. Bush also argues that the statute of repose denies him equal

---

[4] (Punctuation omitted.) *Wesley Chapel Foot &c. Center v. Johnson*, 286 Ga. App. 881, 883 (650 SE2d 387) (2007); see also OCGA § 9-3-71 (b).

[5] See, e.g., *Johnson*, 286 Ga. App. at 883-884.

[6] 263 Ga. 657, 658-660 (1), (2) (437 SE2d 308) (1993).

[7] (Punctuation omitted.) *Nichols v. Gross*, 282 Ga. 811, 814 (653 SE2d 747) (2007); see also *Craven*, 263 Ga. at 658-659 (1).

protection under the law because it arbitrarily treats litigants who die more than five years after the alleged negligence differently than those who die less than five years after the alleged negligence. This equal protection issue was also reviewed by the Supreme Court of Georgia in *Craven*, and the Court held that the five-year statute of repose did not result in an equal protection violation because the legislature had a legitimate interest in eliminating stale claims, and the five-year limit was rationally related to that goal.[8]

3. Finally, Bush argues that the statute of repose does not apply to the right to file a cause of action that has not accrued at the time the statute runs. However, this contention is not supported by case law. As stated in the Supreme Court's decision in *Craven*, "[i]f the injury occurs outside [the period of time delineated in a statute of ultimate repose], it is not actionable."[9] Moreover, Virginia died in January 2005, and the statute of repose did not become a bar to her claim until September 2006. Thus, the right to file the cause of action *had accrued* before the statute of repose barred filing the claim.

Accordingly, we find no error in the trial court's order granting the defendants' motions to dismiss.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED MAY 20, 2009.

*Reynolds, Horne & Survant, W. Carl Reynolds, Bradley J. Survant, Michael G. Horner*, for appellants.

*Huff, Powell & Bailey, Daniel J. Huff, Martin Snow, John C. Edwards, Edward L. Long, Jr., Richard A. Epps, Jr., Chambless, Higdon & Carson, Emmitte H. Griggs*, for appellees.

---

[8] 263 Ga. at 658-659 (1).

[9] (Punctuation omitted.) 263 Ga. at 660 (2); see also *Lyon v. Schramm*, 291 Ga. App. 48, 49-50 (661 SE2d 178) (2008) ("[t]he statute of repose can bar a claim before the claim accrues, in other words, even before the injury occurs").