## 52195. BRANNON v. WHISENANT.

CLARK, Judge.

This suit was instituted by "Stephen Whisenant, as General Partner of Davidson Road Associates, Ltd., a Georgia Limited Partnership d/b/a 'The Mall'." The action sought to recover damages from tenant for breach of a written lease agreement wherein the landlord was designated as "The Mall, a joint venture, by A. H. Whisenant." When defendant failed to answer, judgment by default was entered. This appeal is from that judgment.

1. Defendant contends plaintiff is without capacity to sue. "When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge." Code Ann. § 81A-109 (a). "By failing to raise the issue of legal existence or capacity by specific negative averment any time before judgment, the defendant waived his objection." *Prince & Paul v. Don Mitchell's WLAQ, Inc.,* 127 Ga. App. 502 (1) (194 SE2d 269).

Moreover, the plaintiff here is a natural person. Therefore, appellant's reliance upon *Russell v. O'Donnell,*

132 Ga. App. 294 (208 SE2d 107) is misplaced for the reason that the suit there was instituted as a trade name, "Ansley Forest Apartments," which would not import a natural person nor a legally recognizable entity.

2. Although the complaint sought damages in the amount of $5,074.73 principal, judgment as rendered by the trial court was $5,704.73. Of course, "A judgment by default shall not . . . exceed in amount that prayed for in the demand for judgment." Code Ann. § 81A-154 (c). See *Orkin Exterminating Co. v. Townsend,* 136 Ga. App. 50, 52 (2) (220 SE2d 14). The entry of judgment for $5,704.73 obviously was a clerical mistake which should be corrected by the court below in conformance with Code Ann. § 81A-160 (g) upon receipt of the remittitur.

3. Appellee's motion for damages on appeal is denied.

*Judgment affirmed with direction. Bell, C. J., and Stolz, J., concur.*

ARGUED MAY 3, 1976 — DECIDED MAY 12, 1976.

*Bailey & Bohannon, D. S. Bohannon,* for appellant.
*Stokes & Shapiro, J. Ben Shapiro, Jr., David R. Hendrick,* for appellee.