## A07A0605. BALOTIN et al. v. SIMPSON et al.
(650 SE2d 253)

RUFFIN, Judge.

Kenneth and Julie Simpson (collectively, "the Simpsons") filed a medical malpractice claim against several medical providers, including Dr. Robert Balotin and Radiology Associates of Houston County. The defendants moved to dismiss the complaint, arguing it was brought beyond the five-year statute of repose. The trial court denied the motion, and we granted the defendants' application for interlocutory appeal. For reasons that follow, we reverse.

Summary judgment is appropriate when the record establishes that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[1] We conduct a de novo review of a trial court's ruling on a motion for summary judgment, construing the evidence in a light favorable to the nonmovant.[2]

Viewed in this manner, the record reveals that in October 2005, the Simpsons filed suit against Dr. Thomas Johnson and his radiology practice, alleging that Dr. Johnson negligently read a CT scan and failed to notice a pancreatic tumor.[3] During the February 8, 2006 deposition of Dr. Johnson, the Simpsons learned that a March 2001 CT scan read by Dr. Balotin also revealed the tumor seen in the subsequent CT scan interpreted by Dr. Johnson.

On March 7, 2006, the Simpsons filed an amended complaint, adding Dr. Balotin and Radiology Associates as defendants. Dr. Balotin and Radiology Associates moved for summary judgment, arguing that the Simpsons' claim was barred by the statute of repose.[4] The Simpsons then filed a second amended complaint, which included a claim of fraud. Specifically, the Simpsons alleged that the defendants "committed an act of fraud upon . . . Kenneth Simpson by knowingly charging [him] for a full abdominal CT study when, in fact, only a limited abdominal CT study was conducted and interpreted by . . . Balotin." Based upon this allegation of fraud, the Simpsons argued that Dr. Balotin and Radiology Associates should be estopped from asserting the statute of repose. The trial court apparently agreed as it denied the motion for summary judgment.

---

[1] See *Kitchens v. Brusman*, 280 Ga. App. 163, 164 (633 SE2d 585) (2006).

[2] See id.

[3] Kenneth Simpson brought a negligence claim, and his wife, Julie, brought a loss of consortium claim.

[4] Initially, Dr. Balotin and Radiology Associates filed a motion to dismiss, but when the trial court considered material beyond the pleadings, it was converted into a motion for summary judgment. See *Morrell v. Wellstar Health System*, 280 Ga. App. 1, 2 (1) (633 SE2d 68) (2006).

Under Georgia's medical malpractice statute of repose, "in no event may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred."[5] As the Supreme Court recently reiterated, this statute

> stands as an unyielding barrier to a plaintiff's right of action. The statute of repose is absolute; the bar of the statute of limitation is contingent. The statute of repose destroys the previously existing rights so that, on the expiration of the statutory period, the cause of action no longer exists.[6]

Moreover, the statute of repose, unlike a statute of limitation, may not be tolled for any reason, including fraud.[7] This is so because "tolling would deprive [a] defendant of the certainty of the repose deadline and thereby defeat the purpose of a statute of repose."[8]

Notwithstanding this bright-line rule, we have found that, in certain narrow circumstances, a defendant may be equitably estopped from raising the statute of repose as a defense.[9] In order for this to apply, however, a "plaintiff must show fraud by offering evidence of a *known failure* to reveal negligence."[10] In other words, the evidence must show that Dr. Balotin knew not only that the wrong CT scan had been taken, but also that the scan showed a tumor that he failed to diagnose. Here, there simply is no evidence to support the inference that Dr. Balotin knew or even suspected that Kenneth Simpson had a pancreatic tumor, much less that he withheld the information from the Simpsons. Under these circumstances, the doctrine of equitable estoppel does not apply, and the Simpsons' claim is barred by the statute of repose.[11]

*Judgment reversed. Blackburn, P. J., and Bernes, J., concur.*

---

[5] OCGA § 9-3-71 (b).

[6] (Citations and punctuation omitted.) *Simmons v. Sonyika*, 279 Ga. 378, 379 (614 SE2d 27) (2005).

[7] See id. at 380.

[8] (Punctuation omitted.) Id.

[9] See *Hill v. Fordham*, 186 Ga. App. 354, 357-358 (367 SE2d 128) (1988); *Esener v. Kinsey*, 240 Ga. App. 21, 23 (522 SE2d 522) (1999).

[10] (Emphasis supplied.) *Craven v. Lowndes County Hosp. Auth.*, 263 Ga. 657, 660 (3) (437 SE2d 308) (1993).

[11] See id. (equitable estoppel does not apply to a mere misdiagnosis case); *Canas v. Al-Jabi*, 282 Ga. App. 764, 774-775 (1) (a) (639 SE2d 494) (2006) (equitable estoppel inappropriate where no evidence that doctors "knowingly concealed or knowingly failed to reveal their own alleged negligence").

DECIDED MAY 9, 2007 —
RECONSIDERATION DENIED JULY 25, 2007 —

*Chambless, Higdon, Richardson, Katz & Griggs, Emmitte H. Griggs, Norman C. Pearson III*, for appellants.
*Mark L. Stuckey*, for appellees.