A08A0202. ROOKS et al. v. TENET HEALTH SYSTEM GB,
INC. et al.

(664 SE2d 861)

ADAMS, Judge.

Although Kenneth Hurston's wife survived him, his sister, purportedly acting on the wife's behalf, filed a wrongful death claim against certain healthcare professionals following Kenneth's death in 2001. After the statute of repose had run, the sister moved to add or substitute Kenneth's wife as the plaintiff for that claim. The trial court denied the motion and granted the defendants' motion for summary judgment on the wrongful death claim. The sister appeals that order as well as the trial court's finding that the plaintiff's OCGA § 9-11-9.1 affidavit was insufficient to support the claim of professional malpractice.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant. *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003).

1. The undisputed facts show that on February 2, 2001, Kenneth Hurston died at Atlanta Medical Center. Kenneth was survived by his wife Deborah; his mentally incapacitated adult daughter; and his sister, Sharon Jeanine Jenkins-Rooks ("Rooks"). After Kenneth's death, Rooks and Deborah discussed the possibility of suing the hospital and the medical professionals who treated Kenneth. Deborah eventually agreed to allow Rooks to represent her interests, but she never legally established Rooks as her personal representative or guardian. On January 31, 2003, with the aid of counsel, Rooks filed suit against Kenneth's medical service providers[1] in three different capacities: (1) as administrator of Kenneth's estate; (2) as legal guardian of Kenneth's daughter; and (3) as "personal representative" of Deborah. Attached to the complaint in accordance with OCGA § 9-11-9.1 was the affidavit of Carl Battles, M.D.

Rooks alleged, in part, that the defendants were liable for Kenneth's wrongful death, which claim properly belongs to Deborah as the surviving spouse. OCGA § 51-4-2. In November 2006, in response to three defendants'[2] motions for summary judgment that

---

[1] Named as defendants in the complaint are Tenet Healthsystem GB, Inc. d/b/a Atlanta Medical Center, Inc.; Denise Kitchens, R.N.; Monica R. Green, M.D.; Bedri M. Yusuf, M.D.; Zahra G. Promes, M.D.; and John Doe Nos. 1-9.

[2] Defendant Kitchens moved for summary judgment and partial summary judgment on the wrongful death claim; Dr. Yusuf and Atlanta Medical Center moved for summary judgment. No other defendants are involved in this appeal.

raised the issue of Rooks's standing, Rooks moved to amend the complaint to make Deborah the plaintiff. This motion was therefore filed more than three years after the suit and more than five years after Kenneth's death. The trial court denied the motion and granted the defendants' motions for summary judgment on the wrongful death claim.

The trial court held that the Wrongful Death Act, which must be "limited in strict accordance with its statutory language,"[3] only permits a claim by the surviving spouse or the decedent's children if there is no surviving spouse. And "there is no such legal entity known as Sharon Jeanine Jenkins-Rooks, personal representative of Deborah Hurston, widow of Kenneth Hurston, deceased." Finally, the court reasoned, "[a]n action cannot be maintained by a plaintiff who is not a natural person, a partnership, or such artificial person as is recognized by the law as capable of suing," and therefore the wrongful death claim was a mere nullity that may be dismissed at any time. The trial court added that, furthermore, the applicable five-year statute of repose barred the suit because Deborah, the real party in interest, failed to bring a claim within five years of the alleged acts of negligence.

The two issues presented are whether the wrongful death claim filed within the statute of repose by Rooks, purportedly on behalf of Deborah, could be amended to reflect the real party in interest, and, if so, whether such an amendment is allowed given that the statute of repose ran before Rooks sought the amendment.

(a) The Civil Practice Act provides that although actions must be prosecuted in the name of the real party in interest, they may be brought by a proper representative of the real party in interest; furthermore a reasonable time must be allowed to correct errors with regard to the real party in interest:

> Every action shall be prosecuted in the name of the real party in interest. An executor, an administrator, a guardian, a bailee, a trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may bring an action in his own name without joining with him the party for whose benefit the action is brought. . . . No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of com-

---

[3] *Blackmon v. Tenet Healthsystem Spalding*, 288 Ga. App. 137, 144 (5) (653 SE2d 333) (2007). See also *Carringer v. Rodgers*, 276 Ga. 359, 362 (578 SE2d 841) (2003).

mencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

OCGA § 9-11-17 (a).[4] See also *Block v. Voyager Life Ins. Co.*, 251 Ga. 162, 163 (1) (303 SE2d 742) (1983) (even where the named plaintiff is not a legal entity but is reasonably recognizable as a misnomer for the real party plaintiff, the misnomer may be corrected by amendment). Also, the Civil Practice Act encourages "liberality of pleading." *Deering v. Keever*, 282 Ga. 161, 163 (646 SE2d 262) (2007) (quoting *Porquez v. Washington*, 268 Ga. 649, 652 (1) (492 SE2d 665) (1997)). And pleadings shall be construed to do substantial justice. OCGA § 9-11-8 (f). The remedy for failure to file suit in a proper capacity is for the defendant to raise the issue in a negative averment in response to the complaint:

> It is not necessary to aver the capacity of a party to bring or defend an action, the authority of a party to bring or defend an action in a representative capacity, or the legal existence of an organized association of persons that is made a party. When a party desires to raise an issue as to the legal existence of any party, the capacity of any party to bring or defend an action, or the authority of a party to bring or defend an action in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.

OCGA § 9-11-9 (a). Failure to do so may result in waiver. *Keeley v. Cardiovascular Surgical Assoc.*, 236 Ga. App. 26, 27 (1) (510 SE2d 880) (1999).

It follows that a wrongful death action was properly commenced in the name of a purported representative of the real party in interest and that amendment was allowed under the above law to correct Rooks's lack of capacity to bring the suit within a reasonable time of an objection. See also *Franklyn Gesner Fine Paintings v.*

---

[4] For example, a proper representative of an incompetent person may file an action on behalf of that person:

> Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may bring or defend an action on behalf of the infant or incompetent person. If an infant or incompetent person does not have a duly appointed representative, he may bring an action by his next friend or by a guardian ad litem.

OCGA § 9-11-17 (c).

*Ketcham*, 252 Ga. 537, 539-540 (314 SE2d 903) (1984) (one may amend to change from the party first named where the party first named in fact exists).

The defendants cite cases holding that an action maintained by a plaintiff who is not a natural person, or such artificial person as is recognized by the law as capable of suing "is not an action, but a mere nullity, and may be dismissed at any time on motion." (Citations and punctuation omitted.) *Russell v. O'Donnell*, 132 Ga. App. 294, 296 (208 SE2d 107) (1974). But Rooks is a natural person, and therefore these cases are not controlling. See *Brannon v. Whisenant*, 138 Ga. App. 627 (1) (227 SE2d 91) (1976) (plaintiff incorrectly identified as "Stephen Whisenant, as General Partner of Davidson Road Associates, Ltd., a Georgia Limited Partnership d/b/a 'The Mall' " was a "natural person"). Also, *Blackmon v. Tenet Healthsystem Spalding*, 288 Ga. App. 137 (653 SE2d 333) (2007), is distinguishable. In that case, a wrongful death action was filed by the mother of the deceased as a representative of the deceased's daughter even though the deceased's spouse was still alive. Id. at 138. This Court held that because the surviving spouse has exclusive standing to bring a wrongful death action, the plaintiff had no standing to pursue the claim. Id. at 146-147 (5). Here, Rooks filed the claim as the purported representative of the surviving spouse, the person with exclusive standing to bring the claim.

(b) The defendants contend that even if Rooks's lack of capacity to bring the wrongful death claim is an amendable defect, amendment cannot occur after the running of the statute of repose for a medical malpractice claim.

Georgia's statute of repose for medical malpractice states that "in no event may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred." OCGA § 9-3-71 (b). In granting the appellees' motions for summary judgment, the trial court cited *Simmons v. Sonyika*, 279 Ga. 378 (614 SE2d 27) (2005), which makes clear that the statute of repose is "absolute" and that it "stands as an unyielding barrier to a plaintiff's right of action." Id. at 379. The courts have held that "on the expiration of the statutory period, the cause of action no longer exists." (Citations and punctuation omitted.) *Blackwell v. Goodwin*, 236 Ga. App. 861, 863 (2) (513 SE2d 542) (1999). And "by definition a statute of ultimate repose cannot be tolled." (Citations and punctuation omitted.) *Simmons*, 279 Ga. at 379-380.

The question here is whether the statute of repose bars amendment of the complaint to name Deborah as the real party plaintiff given that the amendment was not sought until more than five years after the alleged negligence that led to Kenneth's death.

In *Wesley Chapel Foot and Ankle Center v. Johnson*, 286 Ga. App. 881 (650 SE2d 387) (2007), this Court held that the addition of a wrongful death claim to existing litigation was not a violation of the statute of repose. Id. at 884. The *Johnson* court noted that under OCGA § 9-11-3 (a), a civil "action" is "brought" when a plaintiff files a complaint against a defendant, thus initiating legal proceedings. Id. at 883. Since the plaintiff in *Johnson* did not "initiate legal proceedings" by adding a wrongful death claim to existing litigation, her wrongful death claim was not barred by the statute of repose. Id. at 884. Compare *Adams v. Griffis*, 275 Ga. App. 364, 365 (1) (620 SE2d 575) (2005) (statute of repose bars plaintiff who voluntarily dismissed action from renewing suit after statute of repose expired).

Here, the wrongful death action was initiated within five years of the alleged negligent acts. And an amendment to that suit to correct the real party in interest does not "initiate" a new claim. We therefore hold that the statute of repose does not prevent amendment of the complaint to indicate that Deborah is the real party plaintiff on the wrongful death claim.[5] Rooks moved to amend in a reasonable time — in response to the defendants' motion for summary judgment on this issue. *Dover Realty v. Butts County Bd. of Tax Assessors*, 202 Ga. App. 787, 789 (415 SE2d 666) (1992) (motion to dismiss challenging party's status as real party in interest constituted "objection" within meaning of OCGA § 9-11-17 (a)). We therefore reverse the grant of summary judgment on the wrongful death claim for all three defendants and also reverse the denial of the motion to add Deborah as the real party plaintiff.

2. In the same order, the trial court held that the plaintiff's OCGA § 9-11-9.1 affidavit was insufficient as a matter of law to meet the requirements of that Code section. The court reasoned that during the course of the litigation, Rooks identified two experts other than Dr. Battles, and their testimony contradicted Dr. Battles in that they averred that the defendants were negligent but in different ways than Dr. Battles had averred, thereby discrediting Battles's opinion and making it insufficient under OCGA § 9-11-9.1. Accordingly, the court struck the Battles affidavit and granted the motion for summary judgment filed by defendants Atlanta Medical Center and Yusuf.[6] We reverse these rulings.

The expert affidavit requirement is a pleading requirement only. *Thompson v. Ezor*, 272 Ga. 849, 852 (2) (536 SE2d 749) (2000). "In no sense is the pleading requirement of section 9-11-9.1 intended to

---

[5] We do not rely on the "relation back" doctrine to reach this result. See, e.g., *Wright v. Robinson*, 262 Ga. 844 (426 SE2d 870) (1993).

[6] The professional negligence claim against defendant Kitchens remains pending.

facilitate the just and efficient resolution of motions for summary judgment." (Footnote omitted.) Id. Furthermore, the conflict between the testimony of the plaintiff's various experts merely raises an issue of fact; it cannot be used to eliminate portions of a party's self-contradictory testimony. See id.

3. Atlanta Medical Center and Dr. Yusuf also contend that the trial court's grant of summary judgment should be affirmed because Rooks failed to present any evidence that their alleged negligence caused Kenneth's death. The trial court did not rule on this issue because, as the court explained, "the striking of the [Battles] affidavit rendered that portion of [the defendants'] argument moot." Given the rulings addressed above, in which the trial court relied on erroneous legal theories, which in part resulted in striking evidence related to this factual dispute, we remand this case to allow the trial court to address this remaining issue. See *City of Gainesville v. Dodd*, 275 Ga. 834, 839 (573 SE2d 369) (2002).

*Judgment reversed and case remanded with direction. Smith, P. J., and Mikell, J., concur.*

DECIDED JULY 7, 2008 —

*Edmond, Jones & Lindsay, Roderick E. Edmond, Keith L. Lindsay*, for appellants.

*Huff, Powell & Bailey, Daniel J. Huff, Camille N. Jarman, Wayne D. Toth, Paul E. Weathington*, for appellees.