A08A1054. MEMAR v. STYBLO et al.

(667 SE2d 388)

ANDREWS, Judge.

Does the five-year statute of repose in OCGA § 9-3-71 (b) bar a medical malpractice action filed within the repose period — but not brought by the real party in interest — when the real party in interest is substituted as the proper party plaintiff after expiration of the repose period? On the present facts, we find that it does not.

Ali Memar was the plaintiff named in the caption of a complaint filed on June 6, 2002, which set forth two separate medical malpractice actions against Toncred M. Styblo, M.D. and others.[1] One action alleged that Dr. Styblo negligently caused the wrongful death of Memar's wife, Zeinab Broomand,[2] and another action alleged that Broomand's estate was entitled to recover for her pain and suffering prior to death and for medical and funeral expenses. See *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 867 (463 SE2d 5) (1995) (actions for personal injury and for wrongful death arising out of the same alleged medical malpractice are separate and distinct causes of action even though asserted in the same complaint). This appeal concerns only the action seeking to recover damages for the estate.

Although no other entity was named in the caption of the complaint as a plaintiff along with Ali Memar, the substance of the complaint rather than the caption controls, and the substance of the allegations in the complaint shows that the separate malpractice action seeking to recover for Broomand's pain and suffering prior to death and for medical and funeral expenses was brought by "the estate of Zeinab Broomand." *Anderson v. Bruce*, 248 Ga. App. 733, 735-736 (548 SE2d 638) (2001). The estate of Broomand, however, was not the proper party plaintiff to bring this action because "[a]n estate is not a legal entity which can be a party plaintiff to legal proceedings," and the exclusive right to bring an action on behalf of

---

[1] The action was also brought against The Emory Clinic, Inc. and Emory Healthcare, P. C., d/b/a Emory University Hospital on the basis that these entities were liable for Dr. Styblo's alleged malpractice on the basis of respondeat superior.

[2] As Broomand's surviving spouse, Ali Memar was the proper party plaintiff to bring the malpractice action seeking recovery of wrongful death damages. OCGA § 51-4-2.

Broomand's estate resided in the estate's legal representative, executor, or administrator. *Orange County Trust Co. v. Estate of Takowsky*, 119 Ga. App. 366 (166 SE2d 913) (1969). Neither was Ali Memar the proper party plaintiff to bring the action for Broomand's estate when the complaint was filed in June 2002 because, at that time, he was not the legal representative, executor, or administrator of the estate. The record shows that, after Broomand died intestate in August 2001, her son, Farid Memar, was appointed administrator of her estate in a March 2003 probate court order. At that point, Farid Memar became the proper party plaintiff to bring an action for the estate, but he was never substituted as the plaintiff. After Farid Memar resigned as administrator of the estate, Ali Memar was appointed on July 20, 2006, as administrator of the estate by order of the probate court. On July 25, 2006, Ali Memar amended the complaint to show that, as administrator of the estate, he was bringing the malpractice action for the estate. On this record, Dr. Styblo and the two Emory defendants filed a motion for partial summary judgment in August 2006, seeking dismissal of the estate's malpractice action on the basis that it was barred by the five-year statute of repose in OCGA § 9-3-71 (b).[3] This appeal is from the trial court's order granting the motion and dismissing the estate's action.

The statute of repose in OCGA § 9-3-71 (b) provides that "in no event may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred." The estate's action was filed in June 2002, within five years of any alleged negligent or wrongful act or omission which could have occurred during the period of time that Dr. Styblo treated Broomand from May 2000 to March 2001, but the July 2006 amendment substituting the estate's administrator as the party plaintiff was not filed until after the expiration of the five-year repose period. At issue under these circumstances is whether the estate's malpractice action was timely brought within the five-year repose period in OCGA § 9-3-71 (b).

Although the Civil Practice Act requires that an action be brought by a real party in interest, it also allows "for amendment to substitute the real party in interest if incorrectly named." *Block v. Voyager Life Ins. Co.*, 251 Ga. 162, 163 (303 SE2d 742) (1983); *Franklyn Gesner Fine Paintings v. Ketcham*, 252 Ga. 537, 540 (314 SE2d 903) (1984); OCGA §§ 9-11-9 (a); 9-11-15 (a); 9-11-17 (a); *Youmans v. Riley Properties*, 180 Ga. App. 176, 177 (349 SE2d 1) (1986); *Adams v. Cato*, 175 Ga. App. 28-29 (332 SE2d 355) (1985).

---

[3] Although the defendants' motion also sought dismissal of the action on the basis that the two-year statute of limitation in OCGA § 9-3-71 (a) expired before the action was filed, this claim was withdrawn, and the sole issue on appeal relates to operation of the statute of repose.

Even where, as here, the plaintiff initially bringing the complaint is not a legal entity capable of bringing suit, if the plaintiff "is reasonably recognizable as a misnomer for a legal entity which is the real party plaintiff, the misnomer may be corrected by amendment." *Block*, 251 Ga. at 163 (allowing amendment to substitute the legal representative of the estate as the proper party plaintiff in place of the estate).[4] Under OCGA § 9-11-9 (a),

> [w]hen a party desires to raise an issue as to the legal existence of any party, the capacity of any party to bring or defend an action, or the authority of a party to bring or defend an action in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.

The failure to raise this issue in responsive pleadings does not automatically bar the party from raising it before or during trial, but the failure to do so prior to judgment results in waiver. *Patterson v. Duron Paints of Ga.*, 144 Ga. App. 123-124 (240 SE2d 603) (1977); *Adams*, 175 Ga. App. at 28-29. Moreover, OCGA § 9-11-17 (a) provides that

> [n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Here, Dr. Styblo and the other defendants first raised the real party in interest issue in their August 2006 motion for partial summary judgment filed after the repose period had expired and after the complaint was amended in July 2006 to reflect that Ali Memar, as administrator of Broomand's estate, was proceeding in that capacity to bring the estate's action. In light of the above Civil

---

[4] A misnomer of this nature may be corrected without leave of court before entry of a pretrial order pursuant to the liberal amendment provisions of OCGA § 9-11-15 (a). *Block*, 251 Ga. at 163; *U. S. Xpress v. W. Timothy Askew & Co.*, 194 Ga. App. 730, 731 (391 SE2d 707) (1990); OCGA § 9-11-15 (a). Where the effort is not to correct a misnomer but to add or substitute a new party by amendment, OCGA § 9-11-15 (a) must be read in pari materia with OCGA § 9-11-21, which requires a court order. *Valdosta Hotel Properties v. White*, 278 Ga. App. 206, 209-210 (628 SE2d 642) (2006).

Practice Act provisions, we find that, even though the estate's malpractice action was not initially brought by the real party in interest in June 2002, the real party in interest was timely substituted in the action by the July 2006 amendment. Pursuant to OCGA § 9-11-17 (a), this had "the same effect as if the action had been commenced in the name of the real party in interest."[5] The effect in this case is to merely allow an amendment to substitute the administrator of the estate as the proper party plaintiff in the same cause of action against the same defendants brought more than five years earlier in the name of the estate. Under these circumstances, the amendment did not require the defendants to defend against new claims first brought more than five years after the occurrence of the alleged negligent act or omission; therefore there was no erosion of the protection afforded by the five-year repose period in OCGA § 9-3-71 (b). See *Craven v. Lowndes County Hosp. Auth.*, 263 Ga. 657, 658 (437 SE2d 308) (1993) (identifying interests protected by the repose period in OCGA § 9-3-71 (b)); compare *Wesley Chapel Foot and Ankle Center v. Johnson*, 286 Ga. App. 881 (650 SE2d 387) (2007) (after the five-year repose period in OCGA § 9-3-71 (b) had expired, this Court allowed the estate representative's pending medical malpractice action for injuries incurred during the decedent's life to be amended by adding a new medical malpractice action by the surviving spouse seeking wrongful death damages arising from the same alleged negligence).

Accordingly the estate's malpractice action was timely brought within the five-year repose period in OCGA § 9-3-71 (b), and the trial court erred by dismissing the action. *Rooks v. Tenet Health System GB*, 292 Ga. App. 477 (664 SE2d 861) (2008).

*Judgment reversed. Ruffin, P. J., and Johnson, P. J., concur.*

DECIDED SEPTEMBER 12, 2008 —

*Edmond & Jones, Craig T. Jones*, for appellant.

---

[5] Since the real party in interest existed and was substituted prior to the trial court's judgment, this effect is not altered by the fact that no real party in interest with a legal right to bring the subject action existed until an estate administrator was appointed in March 2003, nine months after the action was filed in June 2002. See *First Christ Holiness Church v. Owens Temple First Christ Holiness Church*, 282 Ga. 883 (655 SE2d 605) (2008) (discussing application of OCGA § 9-11-17 (a) where no real party in interest existed at the time of the judgment).

532

*Allen & Weathington, Hunter S. Allen, Jr., Carole M. Osborne, Samuel F. Doster*, for appellees.